## MOREHOUSE'S HEIRS *vs.* MAYOR ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where it is clear, a cause is not in a proper *condition* to decide on the important and delicate question involved, and the justice of the case requires it, it will *be remanded* for a new trial, rather than a judgment of non-suit entered.

This is an action by Ann M. Morehouse, wife of J. M. Patton; of Lucretia C. Morehouse, wife of Joseph Pilcher, of Nashville, Tennessee; and of R. H. Sterling, of Mississippi, in behalf of his minor children, in right of their deceased mother, Eliza Cornelia Morehouse, who claim to be *the only legitimate heirs* of Col. Abraham Morehouse, deceased, who died in the Parish of Ouachita, in the year 1813.

The plaintiffs allege, that their ancestor was owner by purchase of four-tenths of a concession or grant of land, 12 leagues square, in the Parish of Ouachita, made to the Baron de Bastrop by Carondelet, then governor of Louisiana, in June, 1796. That in 1807, Edward Livingston having become the

EASTERN DIS.
*May,* 1841.

MOREHOUSE'S
HEIRS
*vs.*
MAYOR ET AL.

owner by purchase of a judgment, &c., of the other six-tenths of said grant of land, a partition was made between him and their ancestor. The plaintiffs further show, that the late Stephen Girard, of Philadelphia, accepted *transfers* from persons pretending to be heirs of the said A. Morehouse, deceased, to the amount of 208,000 acres of said grant; that the said Girard, by his last will and Testament, opened in 1830, made a bequest of one undivided third part of said 208,000 acres to the City or Corporation of New Orleans, and to the Corporation of the city of Philadelphia of the remaining two-thirds of said portion of land. That these two Corporations set up title to said land by virtue of said bequest; and that their claims are greatly injurious to the rights and claims of the petitioners, who are the sole and legal owners thereof. They pray, that a *curator ad hoc* be appointed to represent the city of Philadelphia, and that they have judgment against both Corporations, decreeing them to be the only legal and legitimate heirs of Col. Abraham Morehouse, deceased, and entitled to all the title, right and interest, he ever had in and to said land, as described herein.

The two Corporations severed in their answers, but averred, that they hold said land by good and sufficient titles; and also by prescription. They expressly deny, that the plaintiffs have any title, or are in any manner entitled to said land; or that they *are the legal heirs* of said Abraham Morehouse, deceased, as they allege themselves to be; and generally, the defendants deny all the allegations of the plaintiffs.

Upon these pleadings and issues the parties went to trial.

The contest turned principally on the heirship of the plaintiffs. The evidence showed, that Col. Abraham Morehouse was married in New York in 1790, to Abigail Young, with whom he lived and cohabited four or five years, and had two sons, Andrew and George Morehouse. In September, 1799, having abandoned his family in New York, for Louisiana, Col. Morehouse entered into a marriage contract with Eleanor Hook, before the Commandant of the District of Ouachita, (his

EASTERN DIS. first wife still living,) in which he obliged himself to cause the
*May*, 1841. marriage to be solemnized anew in a church on the first occa-
MOREHOUSE'S sion that offered and as soon as possible, and whenever one of
HEIRS
*vs.* the parties should require it. From this marriage connexion
MAYOR ET AL. the plaintiffs sprung ; the parties living together and cohabiting
as man and wife, until the death of Col. Morehouse, in 1813.

The evidence further disclosed, that about two years after the
execution of the marriage contract before the Commandant, a
priest came along and offered to celebrate the marriage accord-
ing to the forms of the church, and Col. Morehouse refused ;
declaring, he had a wife living in New York. On this dis-
closure, they were both ordered out of the country, until the
change of government. The defendants claim under convey-
ances from the heirs, born of the first marriage. There was a
judgment of non-suit, and the plaintiffs appealed.

*Preston*, for the plaintiffs and appellants.

*Strawbridge* and *Canon*, for the defendants.

*Simon, J.* delivered the opinion of the court.

This is a petitory action, in which the plaintiffs represent
themselves to be the only lawful heirs of Abraham Morehouse,
deceased, under whom they claim. The defendants set up good
and sufficient titles to the property in dispute, which, they say,
they have also acquired by prescription ; and denying all the
allegations contained in the plaintiffs' petition, they put the
plaintiffs to the *strict proof thereof.*

It is material and necessary to remark, that one of the special
allegations set forth in the petition, is, that the petitioners being
the only heirs and representatives of Abraham Morehouse, de-
ceased, no *other persons* pretending to be such, were in reality
his heirs, and that the petitioners have never sold or otherwise
disposed of their rights. This allegation necessarily puts at
issue the right of the plaintiffs, to inherit from the deceased to
the exclusion of all others, and to set up a claim to any part of
his estate ; and as the defendants have shown, in establishing

their title to the land sued for, that it is derived from persons
styling themselves to be the widow and heirs of Abraham More-house, deceased, there results therefrom the important enquiry,
whether the plaintiffs are the legitimate and lawful heirs of the deceased.? Indeed, this is the principal and only question which this case presents.

The inferior court was of opinion that, although Abraham Morehouse was lawfully married to Eleanor Hook, the mother of the plaintiffs, who was in good faith at the time of the cele-bration of the marriage, yet the circumstance of her having been informed and apprized at a subsequent period of her hus-band's having another wife living, was sufficient to put her in bad faith ; and that therefore, as the plaintiffs were born after knowledge of the fact had been brought home to their mother, and did not claim in representation of their sister Sophia, who was begotten previous to the disclosure of the first marriage, a judgment of non-suit should be pronounced against them.

The defendants, dissatisfied with this judgment, took the present appeal, and now claim, that a definitive judgment be rendered in their favor ; on the other hand, the plaintiffs pray in their answer, that the judgment of this court be rendered according to the prayer of their original petition.

The evidence shows, that Abraham Morehouse was mar-ried in New York to Abigail Young in 1790, and that two sons were the issue of this marriage. That on the 19th of September, 1799, his first wife being still living, Abraham More-house entered into a marriage contract, (in which he states himself to be *a widower*,) with Eleanor Hook, at Washita, in Louisiana, before the Commandant of the District, and that under the said marriage contract, the plaintiffs' mother considered herself his lawful wife, and lived and cohabited with him as such. This evidence is accompanied and sup-ported by the testimony of several witnesses, examined for the purpose of proving, on the part of the plaintiffs, the circumstances relative to the celebration of the second marriage, to the good faith of the wife, and to the disclosure of the exist-

EASTERN DIS.
May, 1841.

MOREHOUSE'S
HEIRS
vs.
MAYOR ET AL.

Where it is clear, a cause is not in a proper *condition* to decide on the important and delicate question involved, and the justice of the case requires it, it will *be remanded* for a new trial, rather than a judgment of non-suit entered.

ence of the first marriage. On the part of the defendants, one witness was examined, whose testimony has a tendency to establish the precise time, at which the plaintiffs' mother became aware of the existence of her husband's first wife. But a careful and attentive examination of the record, such as it now stands before us, has convinced us, that it does not exhibit on either side, all the material facts, which it is in the power of the parties to adduce by legal evidence ; that this case is not in a proper condition to enable us, at present, to decide on the important and delicate question of the legitimacy of the plaintiffs ; and that justice requires, that it should be remanded for a new trial.

We have come the more readily to this conclusion, that a judgment of non-suit would not preclude the plaintiffs from instituting a new action, in which the same question would again be presented ; that a new trial will cause no inconvenience to any of the parties ; and that, if from a strict sense of justice, we are prompted to give them a second opportunity of preparing their case and of investigating more fully the matter in controversy between them, the peculiar nature of the uncommon question, which we are called upon to decide in the last resort, seems imperiously to require it.

We shall, therefore, abstain from making any remark or comment upon the evidence which, every way, appears to us insufficient and unsatisfactory for the final determination of this cause.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and that this case be remanded for a new trial, the appellants paying the costs of this appeal.