346 So.2d 682 (1977)
STATE of Louisiana
v.
Sammy K. LEE.
No. 58826.
Supreme Court of Louisiana.
May 16, 1977.
Rehearing Denied June 17, 1977.
*683 Richard V. Burnes, Gravel, Roy & Burnes, Alexandria, James A. Hobbs, West Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Sammy K. Lee was indicted for the second degree murder of Johnny Lane Etchieson which occurred during a dispute in a trailer park in Monroe, Louisiana. He was tried by jury and found guilty of second degree murder. On appeal, we reversed that conviction because the trial court erred in refusing to receive testimony as to decedent's dangerous character in support of the accused's plea of self-defense, after the defendant had laid the requisite foundation. State v. Lee, 331 So.2d 455 (La.1975). Defendant Lee was retried, found guilty of the lesser included crime of manslaughter, and sentenced to twenty-one years at hard labor. Because the judge in the case under present consideration did not, on defendant's motion, grant a mistrial to which we conclude defendant was entitled, we again reverse the conviction, vacate the sentence and remand the case to the district court.
The state strenuously argues that defendant waived any right to object and move for a mistrial by allowing the same purported error (which we will shortly discuss) without objection on an occasion earlier in the trial. For this reason we deem it wise in explaining the matter to review the pertinent occurrences sequentially.
As previously related, defendant Lee was being tried a second time after the first conviction was reversed on appeal. A number of witnesses who had testified at the initial trial testified anew. Apparently as a result of that fact, several of the witnesses upon being questioned were referred to earlier testimony which they had given. In laying a foundation to impeach one of the defense witnesses, Mrs. Goldie Cooper, on the basis of her inconsistent testimony at the first trial, the prosecutor asked her if she had testified in this matter "back on an earlier date in this trial." There was no objection to this question and the answer thereto, but then, the question was not so explicit so as to inform the jury that the defendant had been previously tried and convicted. Shortly thereafter the assistant district attorney, in questioning the defense witness Michael Cooper, alluded to the date of the first trial, got a negative response to the question whether that witness had testified at the prior trial, then stated "that was the first time you testified in court after the conviction and motion for new trial. Is that right?" To which the witness responded, "Yes, sir." Again there was no objection, no motion for a mistrial by defense counsel.
In closing arguments there was no mention of the previous trial or conviction by either attorney. During the state's rebuttal argument, however, the prosecutor made several references to the first trial and two very specific references to the fact that on that first trial defendant had been convicted of murder. Shortly following these latter references, counsel for the defendant interrupted the prosecutor's rebuttal argument and moved for a mistrial on the ground that these prejudicial and improper remarks of the district attorney warranted a mistrial under Article 770.
There is no doubt but that the district attorney in rebuttal argument referred directly to defendant's earlier conviction for this offense. We believe that it was substantial prejudicial conduct and that such made it impossible for defendant to obtain a fair trial. See constitutional guarantees *684 of a fair trial in La.Const. art. I, §§ 2, 16 and U.S.Const. fourteenth amendment. When a conviction is reversed on appeal, our law requires that a retrial shall be conducted "with as little prejudice to either party as if it had never been tried." C.Cr.P. art. 857. As the official revision comment to Article 857 notes, the article expresses the "sound rule . . . that the slate is wiped clean when a new trial is granted." We interpreted that article in State v. Reed, 324 So.2d 373, 380 (La.1975) in this way:
"As a minimum, it would seem that the article was intended to mask from the jury members the fact that a defendant before them had previously been tried, with their possible conclusion that he had previously been convicted."
This rule was set down over one hundred years ago in State v. Hornsby, 8 Rob. 583, 587, 18 La. 316, 318 (1845) wherein it was stated:
"What is a new trial? `It is a re-hearing of the case before another jury; but with as little prejudice to either party as if it had never been heard before. No advantage is to be taken of the former verdict on the one side, or the rule of court, for awarding such second trial on the other.' Blackstone, 3d vol. p. 391. A new trial results then, in placing the case exactly in the position it occupied before there had been a trial, in relation to the objects for which it had been awarded, and, with this qualification, all proceedings are set aside, and the party stands as if he had never been tried; and when this court, on the former appeal, ordered, that `the judgment of the criminal court be set aside, cancelled and reversed,' the defendant stood again before that court as he stood before the trialunprejudiced and in the full possession of all his rights, just as they existed when he first answered to the indictment."
It is a jury's duty to determine a criminal defendant's guilt or innocence on the strength of the evidence presented to it, uninfluenced by the fact that on an earlier occasion (and under circumstances so defective as to invalidate the conviction), he had been found guilty of the offense by a different jury. When a jury is informed by the state that the accused was convicted of the crime on a previous occasion, the defendant's right to a fair trial, protected by both the federal and state constitutions, has been violated. To the extent that State v. Clark, 231 La. 807, 93 So.2d 13 (1957) and State v. Holmes, 224 La. 941, 71 So.2d 335 (1954) conflict with this rule, those case are overruled.
The state does not take the position before us that the rule is otherwise.[1] Instead, the state in brief argues that the defense counsel's motion for mistrial on this basis was not timely made, and that by not objecting timely, defendant waived his right to avail himself of the irregularity on appeal. We need not consider the question of whether this error so infected the proceedings as to require a mistrial in the absence of a defense request, see United States v. Briggs, 457 F.2d 908 (2nd Cir. 1972), because defense counsel did make such a request by interrupting the prosecutor's argument. The question here then is whether or not a belated motion for mistrial, or a motion for mistrial made only after repetition of an earlier unobjected-to error, will lie where counsel failed to object in the first instance.
Article 841 is not an inflexible rule imposed on criminal litigants without rationale or justification. It is necessary adjunct to our role as an appellate court which is intended to promote judicial efficiency and to insure fair play. See State v. Smith, 339 So.2d 829 (La.1977). State v. Ervin, 340 So.2d 1379 (La.1977); State v. Marcell, 320 So.2d 195 (La.1975). For example, its operation prevents a defendant from gambling for a favorable verdict and then, upon conviction, resorting on appeal to errors that could have been corrected at trial, had he but brought the errors to the judge's attention. *685 State v. Smith, supra; State v. Knight, 323 So.2d 765 (La.1975); State v. Marcell, supra.
The state argued orally and in brief that because the prosecutor had once mentioned the fact of Lee's previous conviction without objection, and because trial transcripts had been placed in evidence or referred to throughout the trial, he could then repeatedly stress to the jury the fact that defendant had been convicted for murder because defendant had, by previously failing to object, waived his right to object when the fact was introduced. With this position we cannot agree. The fact of previous transcripts being available for use may merely mean that evidence was given at a preliminary hearing, or a previous trial aborted on the state's motion for mistrial, or any of a number of things. In State v. Reed, supra, we made clear that the use of the prior trial transcript was acceptable at retrial after conviction because there were no references made as to what sort of proceeding produced that transcript. Moreover, the fact that a prosecutor has made a prejudicial reference to a previous trial without objection does not mean that he can then exploit defense counsel's inattention or mistake by repeated prejudicial comments in the same vein. Our rules are not intended to be available for manipulation by the defense or by the state.
What our rules require is that counsel bring an error to the attention of the trial judge within a reasonable time after the error occurs so that he can cure the error or declare a mistrial. C.Cr.P. arts. 770, 771, 841. Generally, a contemporaneous objection must be made immediately. In certain instances, however, objections which come shortly thereafter will be considered timely, see State v. Foss, 310 So.2d 573 (La.1975), and there are even instances in which no objections are required because they would be a vain and useless act, see State v. Ervin, supra. Particularly may there be such exceptions to the general rule during closing argument for reasons expressed in the following law review comment:
"one must recognize that the closing argument of the prosecutor may be so permeated with improprieties that constant objections may alienate the jurors or underscore the remark rather than erase it from their minds. Therefore, an objection at the end of the summation should be considered timely, and in some cases should be allowed outside the presence of the jury." [citations omitted] 34 L.L.Rev. 746, 759 (1974).
Moreover, we recognize that a prosecutor's prejudicial comments in closing argument may be considered by a federal court to violate federal due process guarantees even in the absence of a defense challenge or objection at trial. United States v. Briggs, supra; United States v. Grunberger, 431 F.2d 1062 (2d Cir. 1970); United States v. Sawyer, 347 F.2d 372 (4th Cir. 1965).
The only effect we can see in counsel's failure to promptly request relief was that the trial was unnecessarily continued beyond a point when it should have been aborted. We do not find that sufficient reason to bar defendant from making a later motion when the error was blatantly repeated. Therefore we hold that the trial judge erred in refusing to grant defendant a requested mistrial when the prosecution during rebuttal argument stated and stressed that defendant Lee had been convicted of this very murder on an earlier trial of the case.
For the reasons assigned, defendant Sammy Lee's conviction for manslaughter is reversed, his sentence is vacated, and the case is remanded to the district court.
SUMMERS and MARCUS, JJ., dissent.
SANDERS, C. J., dissents with written reasons.
SANDERS, Chief Justice (dissenting).
Our law requires that before there can be a reversal on appeal, the defense must have made a contemporaneous objection or corrective motion. LSA-C.Cr.P. 841; State v. Batiste, La., 318 So.2d 27 (1975); State v. *686 Morris, 261 La. 1069, 262 So.2d 324 (1972). This rule applies during closing argument. See State v. Leierer, 242 La. 961, 140 So.2d 375 (1962).
In the present case, there were at least five references to defendant's prior trial.
The first reference was during the State's cross-examination of a defense witness. Tr. II-403. The defense made no objection.
The second reference was during the State's rebuttal argument. Tr. III-568. The defense made no objection.
The third reference was during the rebuttal argument. Tr. III-569. The defense made no objection.
The fourth reference was during the rebuttal argument. Tr. III-569. The defense made no objection.
Finally, the fifth reference was likewise during rebuttal argument. Tr. III-574. The defense again made no contemporaneous objection or motion.
At a later point during the rebuttal argument, while the Assistant District Attorney was discussing different subject matter, the defense moved for a mistrial on the ground that the State had referred to the prior conviction.
In my opinion, Article 841 of the Louisiana Code of Criminal Procedure bars reversal, when it clearly states:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."
In any event, the entire matter was before the jury without objection long before the motion for a mistrial.
For the reasons assigned, I respectfully dissent.
NOTES
[1] On the other hand, before the trial judge the prosecutor took the position that the references were proper and said that the reversal of the conviction did not wipe out the conviction, that defendant was still a "convicted person."