347 So.2d 1153 (1977)
STATE of Louisiana
v.
Samuel GAINES.
No. 59303.
Supreme Court of Louisiana.
July 1, 1977.
Concurring Opinion July 15, 1977.
*1154 Brian Begue, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Samuel Gaines was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged and was sentenced to serve ten years at hard labor with credit for time spent in custody prior to imposition of sentence.
The evidence presented by the state included the testimony of the victim of the armed robbery and of two eyewitnesses. They testified that on August 5, 1974 defendant entered a liquor store in New Orleans and asked for a can of beer. When the victim turned, defendant pointed a gun at her and demanded that she give him the money in the cash register. When the victim placed the cash drawer on the counter, some of the change dropped from the drawer and was picked up by defendant. After ordering the victim and the two witnesses to lie on the floor, defendant exited the store. All three witnesses consistently described the robber's apparel and general appearance. The victim and one of the eyewitnesses made a positive in-court identification of defendant as well as an out-of-court identification of him at the lineup conducted two months after the crime. The other eyewitness, a thirteen year old boy, testified that defendant looked like the perpetrator of the crime.
Defendant assigned four purported errors.[1] Defendant's assignment of error number one complains of the court's refusal to grant the mistrial for which he moved at the conclusion of the state's opening statement. He so moved because of the district attorney's reference in the opening statement to hearsay information; to an ostensible contradiction by the district attorney who in opening statement said variously *1155 that one of the witnesses was so scared and nervous that she did not enter the bar again, and that the same witness was in the bar again and thought she saw the man who had committed the crime; and to facts regarding the victim's viewing pictures at the police station. This same argument was presented by defense counsel at trial in support of his motion for mistrial.
In brief, however, counsel does not make any argument in support of the foregoing assignment. Accordingly it is deemed abandoned. State v. Jones, 340 So.2d 563 (La.1976); State v. Blanton, 325 So.2d 586 (La.1976). In any event it is non-meritorious. Any prejudice resulting from the district attorney's remarks, if improper, was cured by the trial judge's admonition to the jurors to base their verdict on the testimony and evidence presented at trial and not on the remarks made during the opening statement. C.Cr.P. art. 771.
In brief counsel presents an argument in support of a purported assignment of error number one which was neither included in the assignment nor included in the argument presented at trial in support of defendant's motion for mistrial. That argument is that in the opening statement the assistant district attorney stated that the victim would testify that she learned that the defendant Sam Gaines "was a robber." Counsel urges that the reference was to another crime committed by the defendant as to which evidence is not admissible at trial, and was therefore improper. C.Cr.P. art. 770.
The segment of the opening statement at issue follows:
"It was a rainy day, therefore, there was no people around. Dorothy Temple called the police immediately. The police came and took a report and could not find anyone. All of that was on the fifth of August. Since the fifth of August, the police had been investigating and Cassie and Dorothy Temple received information that Samuel Gains also known as "Little Sam" was a robber. Both Cassie and Dorothy knew if they ever saw him again they would know him and they would be able to identify him. So, it was at the end of August when Dorothy and Cassie looked through some pictures at the police station in order to find out who they might be able to identify as the man."[emphasis added]
The state's contention that the motion for mistrial, coming as it did at the conclusion of the opening statement, was untimely, is not meritorious. Defense counsel is not required to interrupt opposing counsel in opening or closing argument in order to preserve his objection for appellate review. Motion for mistrial is timely when that motion is made upon conclusion of the opening or closing statement. See State v. Lee, 346 So.2d 682 (La.1977); State v. Ervin, 340 So.2d 1379 (La.1977); State v. Foss, 310 So.2d 573 (La.1975).
On the other hand this sole argument presented in brief was not defendant's stated grounds in support of the motion for a mistrial during the trial and accordingly it is unnecessary for us to consider the argument on appeal. Nonetheless, it is non-meritorious. As the state argued in brief, the testimony of the victim to the effect that the information which came to her was that defendant was the robber (the man who robbed the liquor store) was what the prosecutor was referring to, however inexact her verbiage may have been.
Defendant in brief urges us to examine the record for errors patent on its face. We have made this examination and find no discoverable error.
Accordingly the conviction and sentence are affirmed.
SANDERS, C. J., concurs and assigns written reasons.
MARCUS, J., concurs.
DENNIS, J., concurs in the result.
SANDERS, Chief Justice (concurring).
I concur in the affirmance of the conviction and sentence. However, I strongly disagree with the following pronouncement in the judgment:

*1156 "Defense counsel is not required to interrupt opposing counsel in opening or closing argument in order to preserve his objection for appellate review. Motion for mistrial is timely when that motion is made upon conclusion of the opening or closing statement."
This pronouncement is contrary to both the controlling statutory law and the jurisprudence.
Article 841 of the Louisiana Code of Criminal Procedure is explicit in requiring a contemporaneous objection. It provides:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence." (Emphasis supplied.)
The jurisprudence is consistent with the article in requiring a contemporaneous objection during oral argument in order to preserve a point for appellate review. State v. Leierer, 242 La. 961, 140 So.2d 375 (1962); State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957); State v. Dalcour, 145 La. 1008, 83 So. 223 (1919); State v. Shoemake, 143 La. 65, 78 So. 240 (1918); State v. Duvall, 135 La. 710, 65 So. 904 (1914); 23A C.J.S. Criminal Law § 1113, pp. 226-227; 9 La.L.Rev. 265-266.
In State v. Leierer, supra, we stated:
"It was error for the trial judge to decline to rule on the objection and to defer it until the close of the argument. Immediate objection affords the district attorney an opportunity to withdraw or explain his argument if he so desires. It also permits the judge in connection with his ruling to admonish the district attorney, instruct the jury or take other prompt action designed to prevent prejudice."
In 9 La.L.Rev. 265-266, Dr. Dale E. Bennett, an eminent authority on Louisiana criminal procedure, stated:
"Improper remarks by the district attorney must be objected to at the time if they are to be subsequently urged as reversible error. Where objection is seasonably raised, prejudice may usually be prevented and the defect cured, if the jury is immediately instructed to disregard the intemperate utterances of the prosecution."
The general rule elsewhere is consistent with that set forth in our statute and jurisprudence. It is correctly stated in 23A C.J.S. Criminal Law § 1113, pp. 226-227, as follows:
"In order to be available to accused, the objection or exception ordinarily should be made promptly, as soon as the prosecuting attorney utters an improper statement in his opening statement, or an improper remark in his closing argument to the jury, or is guilty of other misconduct in the course of the trial."
The decisions relied on by the majority do not support the pronouncement. In State v. Lee, La., 346 So.2d 682 (1977), the motion for mistrial was made during oral argument. In State v. Ervin, La., 340 So.2d 1379 (1977), the question raised was not objectionable oral argument but the admission of testimony referring to a prior penitentiary sentence of the defendant. Defense counsel made a contemporaneous objection to the testimony. In State v. Foss, La., 310 So.2d 573 (1975), testimony referring to the defendant as "the king pin of the burglary organization" was at issue. The defendant made a contemporaneous motion for a mistrial.
For the reasons assigned, I concur in the decree.
NOTES
[1] Assignments of error numbers two, three and four are obviously non-meritorious. They have not been argued in brief nor orally. Accordingly they are deemed abandoned. State v. Jones, 340 So.2d 563 (La.1976); State v. Blanton, 325 So.2d 586 (La.1976).