444 So.2d 315 (1983)
STATE of Louisiana
v.
William A. SISK.
STATE of Louisiana
v.
William A. SISK.
Nos. 83 KA 0740, 83 KA 0741.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*316 Ossie B. Brown, Dist. Atty. by Glen Petersen, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Alex W. Wall, Jr., Wall, Thomas, Riche & Wall, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
Defendant, William Anthony Sisk, was charged by bill of information with the attempted second degree murder of James Bourland, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. A jury convicted defendant as charged; and, after being adjudicated a second felony offender, he was sentenced to serve twenty years at hard labor. He has appealed, alleging three assignments of error:
(1) The trial court erred in refusing to grant defendant's motion for a mistrial;
(2) The trial court erred in refusing to grant defendant's motion for a new trial; and
(3) The trial court erred in refusing to dismiss the habitual offender petition under which defendant was sentenced as a second felony offender.[1]
Defendant was charged with attempted second degree murder following an incident in which he allegedly chased Bourland in an automobile, firing several shots at him with a rifle. Two shots struck the victim's truck, one puncturing the tail gate, and the other entering a tool box in the back of the truck, shattering on impact. The chase continued until the victim stopped where a police car was parked off the road. Defendant was arrested the next day and charged as the person who attempted to kill Bourland or to inflict great bodily harm upon him.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant alleges the trial court erred in failing to grant his motion for a mistrial. The motion was based on the alleged inadmissibility of "other crimes" evidence consisting of testimony of the victim and certain physical evidence. The motion for mistrial was not made until the conclusion of the state's closing argument. Defendant concedes the attorney representing him at trial did not make a contemporaneous objection to the "other crimes" evidence but waited until the conclusion of the state's closing argument. The defendant cites State v. Gaines, 347 So.2d 1153 (La.1977); State v. Lee, 346 So.2d 682 (La.1977); and State v. Ervin, 340 So.2d 1379 (La.1976), for the proposition that a motion for a mistrial is timely when it is made upon conclusion of the opening or closing statement. Gaines and Lee are distinguishable from the case before us in that the "objectionable evidence" was presented during the opening or closing statement and was not objected to until the conclusion of the statement. Ervin is distinguishable in that the question raised was the admission of testimony referring to a prior penitentiary sentence of the defendant to which defense counsel made a contemporaneous objection. In the case before us, the "other crimes" evidence was elicited during the direct examination of the victim and not objected to until the conclusion of the state's closing argument. "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." La.Code Crim.P. art. 841. Accordingly, without deciding whether or not the evidence was inadmissible "other crimes" evidence, we find the defendant has waived any error based on this allegation by his failure to move timely for a mistrial or enter a contemporaneous objection. La.Code Crim.P. arts. 770, 771(2), 841; State v. Mouton, 327 So.2d 413 (La.1976).

ASSIGNMENT OF ERROR NUMBER TWO
Defendant combines his argument on this assignment with his argument on *317 Assignment of Error Number One. He argues primarily the trial court erred in failing to grant a new trial based on the denial of the mistrial requested by defendant, which he alleges was prejudicial error. The substance of the argument is again that the "other crimes" evidence was erroneously admitted into the record by the trial court judge, thus prejudicial error. Having found no error on the part of the trial court in denying the mistrial, it follows there was no error in the denial of a motion for a new trial based essentially upon the same ground. La.Code Crim.P. art. 851; State v. Sneed, 328 So.2d 126 (La.1976).

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, defendant contends the trial court erred in refusing to dismiss the habitual offender petition under which he was sentenced as a second felony offender. On July 18, 1978, defendant pled guilty in Edwards County, Illinois, to a charge of arson. This guilty plea was used as the basis of the petition to have defendant declared a multiple offender under La.R.S. 15:529.1.
Defendant argues the Illinois guilty plea can not serve as a valid predicate for the habitual offender petition because the transcript of that plea is "Boykin defective" in that it fails to affirmatively disclose defendant was apprised of his right against self-incrimination. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court held the right against self-incrimination, the right of trial by jury and the right to confront one's accusers must be expressly waived before a guilty plea can be accepted in a state criminal proceeding.
In State v. Holden, 375 So.2d 1372 (La. 1979), the Louisiana Supreme Court held in order to use a non-Louisiana guilty plea as the basis of a multiple offender prosecution, the State must prove the defendant was represented by counsel when the guilty plea was entered and the defendant must prove he did not waive his constitutional rights in making his plea. The court further noted that unless the colloquy of the guilty plea affirmatively shows a substantial defect in this regard, the defendant will be prohibited from making any collateral attack beyond the colloquy on an otherwise valid guilty plea used for an enhanced punishment proceeding.
A situation similar to the case before us was presented to the Louisiana Supreme Court in State v. McGinnis, 413 So.2d 1307 (La.1981), on rehearing. In that case the defendant introduced a colloquy and a guilty plea form from a 1976 plea in the state of Washington, neither of which referred to defendant's privilege against selfincrimination. The court concluded the defendant had shown affirmatively a substantial defect in the colloquy and held the guilty plea could not be used as a basis for enhanced punishment. See also, State v. Robicheaux, 412 So.2d 1313 (La.1982); and, State v. Martin, 382 So.2d 933 (La.1980).
The transcript of the Illinois plea introduced by the defendant reveals the following exchange:
"BY THE COURT: Gentlemen did you agree to the terms of that negotiated plea?
MR. SISK: Yes sir.
* * * * * *
BY THE COURT: You fully understand the terms of the negotiated plea?
DEFENDANT SISK: Yes.
* * * * * *
BY THE COURT: You understand what you are pleading guilty to?
* * * * * *
DEFENDANT SISK: Yes.
BY THE COURT: In spite of the fact you are tendering the Court a plea of guilty you have the right to stand on a not guilty plea. You have the right to a trial, to crossexamine (sic) witnesses. You have to be proven guilty beyond a reasonable doubt. You understand if I accept your plea of guilty you are giving up those rights?

*318 DEFENDANT SISK: Yes.
* * * * * *
BY THE COURT: Is your plea voluntary?
DEFENDANT SISK: Yes."
At the hearing on the multiple offender petition, the court isolated the following language, as an expression of the right against self-incrimination:
"In spite of the fact you're tendering the court a plea of guilty, you have the right to stand on a not guilty plea. You have to be proven guilty beyond a reasonable doubt. You understand if I accept your plea you're giving up those rights."
In commenting on the language the court explained: "All right, that is precisely the right against self-incrimination, that you have the right to stand on a not guilty plea without assuming any burden. You have a right not to incriminate yourself, and the state must prove you guilty beyond a reasonable doubt. And by pleading guilty, you are giving up that right." The court commented further: "[T]he defendant did properly waive, knowingly and intentionally, his constitutional rights after being advised by the court of those rights."
While this court recognizes the defendant voluntarily and knowingly entered the plea of guilty to the arson charge in Illinois,[2] we do not find the language relied upon by the trial court to satisfy the stringent test laid down by our Supreme Court in Holden, McGinnis, Robicheaux, and Martin, supra. In the words of Justice Lemmon, dissenting in Robicheaux, the result is "an unreasonably formalistic approach." Justice Lemmon reasoned:
"The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), did not establish a sort of Miranda warning for guilty pleas. The Court did not require the defendant, prior to his plea of guilty, be informed in literal terms of his right to remain silent at trial. Boykin simply required, as a matter of constitutional due process, that the record (either on direct appeal or as developed in a postconviction hearing) establish that the defendant entered the plea of guilty voluntarily and knowingly....
"When an appellate court reviews a guilty plea for constitutional validity, the determination depends on the totality of circumstances in each individual case and not on any three-right articulation or other magic word formula.[2] In the present case there was no constitutional violation, and we are not required by the Boykin decision or by any other constitutional principle to deny the state the use of the prior conviction to enhance defendant's sentence for his subsequent committed offense." 412 So.2d 1321, 1322.
We find ourselves in complete agreement with the quoted views of Justice Lemmon but, unfortunately, they conflict with the thrust of the jurisprudence controlling our disposition of the issue. Because the Illinois court did not use the magic words in explaining affirmatively defendant's privilege against self-incrimination, i.e., his right to stand trial without being forced to testify against himself, McGinnis dictates his guilty plea therein can not be used as a predicate for a multiple-offender proceeding in Louisiana. We so hold though we deem the result illogical and contrary to the proper administration of criminal justice.
We hereby affirm the attempted second degree murder conviction. The defendant's adjudication and sentence as a second felony offender are reversed, and the case is remanded for re-sentencing.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] The attempted second degree murder conviction and the second felony offender adjudication were consolidated for appeal.
[2] This is not only abundantly clear from the transcript of the proceedings but, in addition, the very nature of the "negotiated plea" or the plea bargain entered into by defendant through counsel validates his intent and understanding.