STATE OF LOUISIANA

VERSUS

MARVIN ACEVEDO

NO. 21-K-164

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-3961, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


May 19, 2021


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**WRIT GRANTED IN PART, DENIED IN PART; JUDGMENT OF TRIAL
COURT VACATED; MATTER REMANDED FOR FURTHER
PROCEEDINGS**
 **FHW**
 **JGG**
 **RAC**

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
      Thomas J. Butler

COUNSEL FOR DEFENDANT/RELATOR,
MARVIN ACEVEDO
      Thomas B. Harang, Jr.

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
      Jeffrey M. Landry
      Grant L. Willis

**WICKER, J.**

In this criminal proceeding, relator, Marvin Acevedo, seeks this Court's supervisory review of the trial court's March 25, 2021 judgment denying his "Motion That All Pretrial Matters in Advance of Defendant's Prior, Now Reversed and Vacated Conviction Be Held *Void Ab Initio* and Defendant Be Allowed to Litigate Any and All Matters Prior to Trial as Necessary to Protect Defendant's Constitutional Rights."  At issue in this writ application is whether, as a matter of law, all pretrial proceedings or rulings rendered in connection with a defendant's first trial should be set aside and rendered null and void when a defendant is granted a new trial pursuant to the recent United States Supreme Court decision in *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).  Upon review of relator's application, we grant this writ in part, finding that a defendant granted a new trial pursuant to *Ramos* may raise new pretrial motions and may seek reconsideration or review of previously filed motions upon a showing to the trial court that good cause exists which warrants reconsideration of the previously considered motions.  However, we deny the writ insofar as we decline to hold that all pretrial proceedings or rulings rendered in connection with a defendant's first trial are void as a matter of law.  Accordingly, for the reasons herein, we exercise our supervisory jurisdiction, vacate the trial court's March 25, 2021 judgment, and remand this matter to the trial court for further proceedings.

## STATEMENT OF THE CASE

On August 31, 2017, the Jefferson Parish District Attorney filed a bill of information charging relator with possession of over 400 grams of cocaine in violation of La. R.S. 40:967(F).  Relator was arraigned on September 5, 2017, and pled not guilty.  The matter proceeded to trial before a twelve-person jury on July 9, 2018.  On July 10, 2018, the jury found relator guilty as charged; the verdict was non-unanimous.  The trial court sentenced relator on August 9, 2018, to

imprisonment at hard labor for twenty years and ordered him to pay a $50,000.00 fine. On May 8, 2019, this Court affirmed relator's conviction and sentence. *State v. Acevedo*, 18-683 (La. 5/8/19), 273 So.3d 462, 487.

While relator's conviction and sentence were pending on direct review, the United States Supreme Court issued its decision in *Ramos v. Louisiana*, *supra*. *Ramos* instructs that the Sixth Amendment right to a jury trial, as incorporated by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts and, therefore, Louisiana is required to retry any defendant convicted of a serious offense by a non-unanimous jury and whose case is still pending on direct review. *Id.* On June 3, 2020, the Louisiana Supreme Court granted relator's writ application and remanded the matter to this Court. *See State v. Acevedo*, 19-824 (La. 06/03/20), 296 So.3d 1019, 1020 (*per curiam*). On June 30, 2020, this Court found that because the verdict was non-unanimous, relator was entitled to a new trial and, accordingly, vacated his conviction and sentence and remanded the matter to the trial court. *See State v. Acevedo*, 18-683 (La. App. 5 Cir. 06/30/20), 307 So.3d 322, 323.[1]

On remand, relator filed a motion with the trial court, requesting that "all pretrial matters decided in advance of his prior, now reversed and vacated conviction, be held *void ab initio* and that he be permitted to litigate any and all matters prior to trial in order to protect his constitutional rights." On March 25, 2021, the trial court denied relator's motion, finding relator was not prejudiced by limited pretrial litigation because all prior rulings and objections from his first trial

_____

[1]In footnote two of our opinion, this Court also pointed out that relator's charged offense, possession of over 400 grams of cocaine in violation of La. R.S. 40:967(F), has since been repealed in its entirety. In the instant writ application, relator likewise mentions that he has been "convicted of a crime that no longer exists under Louisiana law." However, the effect of the statute's repeal is not at issue in this writ application. At this juncture, a discussion by this Court regarding the effects of the repeal of La. R.S. 40:967(F) would constitute an advisory opinion. It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. *Balluff v. Riverside Indoor Soccer II, L.L.C.*, 07-780 (La. App. 5 Cir. 03/11/08), 982 So.2d 199, 201; *Floyd v. East Bank Consol. Fire Prot. Dist. for Par. of Jefferson*, 09-780 (La. App. 5 Cir. 04/13/10), 40 So.3d 160, 163, *writ denied*, 10-1094 (La. 09/03/10), 44 So.3d 689.

would be in the record and preserved for appeal.[2]  Relator seeks supervisory review of the trial court's March 25, 2021 judgment.

## LAW AND ANALYSIS

In his writ application, relator seeks a judgment declaring that all pretrial judgments or rulings previously rendered in connection with his prosecution be deemed *void ab initio*.  Relator asserts that Article 857 of the Louisiana Code of Criminal Procedure and the relevant jurisprudence require that a defendant granted a new trial be given a "clean slate" so as to permit retrial of the case with minimal prejudice.  Relator interprets this jurisprudence to require the district court to reconsider all pretrial matters raised by prior counsel as if they had never been tried as well as to permit relator, preparing for a new trial with new counsel, to raise new pretrial motions.  In opposition to relator's motion,[3] the State contended that relator is not entitled to the "reopening of pretrial motions" because such reconsideration would be prohibited pursuant to *res judicata* and the law of the case doctrine.

La. C.Cr.P. art. 857 provides that "[t]he effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried."  Official Revision Comment (a) to the article clarifies that La. C.Cr.P. art. 857 "continues the sound rule of Art. 515 of the 1928 Code of Criminal Procedure, that the slate is wiped clean when a new trial is granted."  This concept of granting the defendant a "clean slate" at a new trial has consistently been repeated throughout Louisiana jurisprudence.  In

---

[2] Relator orally provided notice of his intent to seek supervisory review of the judgment from this Court. On the same date, relator filed a "Motion for Transcript and to Set Return Date for Supervisory Writs and Request for a Stay."  On March 30, 2021, the trial court gave relator until April 9, 2021, to file a writ application with this Court.  On that same date, the trial court also stayed this matter pending resolution of this writ by this Court. Relator timely filed the instant writ application on April 8, 2021.  On April 8, 2021, the trial court indicated that granting a stay was in error and amended the prior ruling to deny the request for a stay.  On April 16, 2021, this Court issued an Order staying this matter pending resolution of this writ application.

[3] In response to relator's motion, the State filed a "Motion to Bar Reopening of Previously Litigated Motions."

*State v. Lee*, 346 So.2d 682, 684 (La. 1977), the Louisiana Supreme Court discussed the effect of the granting of a new trial, stating:

> This rule was set down over one hundred years ago in *State v. Hornsby*, 8 Rob. 583, 587, 18 La. 316, 318 (1845) wherein it was stated:
>
> > "What is a new trial? 'It is a re-hearing of the case before another jury; but with as little prejudice to either party as if it had never been heard before. No advantage is to be taken of the former verdict on the one side, or the rule of court, for awarding such second trial on the other.' *Blackstone*, 3d vol. p. 391. A new trial results then, in placing the case exactly in the position it occupied before there had been a trial, in relation to the objects for which it had been awarded, and, with this qualification, all proceedings are set aside, and the party stands as if he had never been tried; and when this court, on the former appeal, ordered, that 'the judgment of the criminal court be set aside, cancelled and reversed,' the defendant stood again before that court as he stood before the trial unprejudiced and in the full possession of all his rights, just as they existed when he first answered to the indictment."

In accordance with the concept that a new trial provides a defendant with a "clean slate," the Louisiana Supreme Court has instructed that, when a new trial is granted, both the state and the defendant may seek to introduce new evidence not previously introduced at the defendant's first trial. *See State v. Graham*, 375 So.2d 374 (La. 1979) (finding that "the state correctly argues that the trial court erred in ruling that at the new trial the state was limited to evidence introduced at the previous trial."). More recently, the Third Circuit reiterated the Supreme Court's holding in *Graham*, and found that neither the state nor the defendant is limited to the evidence introduced at the previous trial but rather may either seek to introduce additional evidence or limit evidence previously admitted. *State v. Langley*, 10-969 (La. App. 3 Cir. 04/06/11), 61 So.3d 747, 766-67, *writ denied*, 11-1226 (La. 01/20/12), 78 So.3d 139, *cert. denied*, 568 U.S. 841, 133 S.Ct. 148, 184 L.Ed.2d 73 (2012), approvingly cited by this Court in *State v. Chester*, 18-524 (La. App. 5 Cir. 09/14/18), 2018 WL 4398309 at *1, *writ denied*, 18-1528 (La. 09/18/18), 252 So.3d 490 and *State v. Chester*, 18-523 (La. App. 5 Cir. 9/14/18), *writ denied*, 18-1527 (La. 9/18/18). Consequently, if either party may seek to introduce new

evidence in a second trial, it necessarily follows that certain pretrial evidentiary motions and rulings may be necessary.

This Court has further determined that a court is not bound by a prior pretrial ruling or judgment rendered in connection with a previous trial when a new trial is granted. In *State v. Chester*, *supra*, this Court considered whether the trial court abused its discretion by refusing to hear the defendant's pretrial motion to suppress after the granting of a new trial. In that case, the defendant filed a motion to suppress, which the trial court denied, prior to his first trial in 1997. Approximately ten years later, the defendant's conviction for first-degree murder was vacated and the defendant was granted a new trial. The State amended the indictment to charge the defendant with second-degree murder. In preparing for his new trial, the defendant's counsel filed a new motion to suppress, which was denied without a hearing. On supervisory review, this Court found that, "[c]onsidering La. C.Cr.P. art. 857, the prior rulings of this Court, and the applicable caselaw," the trial court abused its discretion by denying the defendant's motion to suppress without conducting an evidentiary hearing.[4]

This Court in the related, subsequent *Chester* appeal found that, although an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case, that rule may not apply where a new trial has been granted. *State v. Chester*, 19-363 (La. App. 5 Cir. 2/3/21), ---So.3d ---. This Court found that because a "new trial is not a later stage of the prior trial" but rather a new and separate trial, the law of the case doctrine does not apply. Therefore, courts are not limited to prior rulings but rather may reconsider even identical issues previously considered. *Id.; see also State v. Larry Harris*, 03-1297 (La. App. 5 Cir. 3/30/04), 871 So.2d 599, *writs denied*, 04-1287 (La. 10/29/04), 885 So.2d 583 and 04-1289 (La. 10/29/04), 885 So.2d 584 (wherein the trial court

---

[4] Judge Molaison dissented in *Chester*, *supra*, deferring to the discretion of the trial court.

considered a second motion to suppress filed after the granting of a new trial and this Court determined on appeal that the trial court was not bound by the ruling on the first motion to suppress), and *State v. Edward Harris,* 05-463 (La. App. 5 Cir. 5/5/05)(unpublished writ disposition), wherein this Court granted the defendant's writ application, finding that *res judicata* does not apply to interlocutory rulings; this Court further found that the trial court abused its discretion in denying a newly filed motion to suppress without a hearing, recognizing in that case, "[t]he indictment has been amended, the motion is before a different judge, with different counsel, and the scope of the issues and the evidence the defendant intends to present are different.")

In opposition to relator's motion, the State contended that relator's case is distinguishable from *Chester* on the basis that the defendant's case in *Chester* was being re-tried after over twenty years, whereas relator in this case was convicted "only about two and a half years ago." However, the lapse in time did not appear to play a central role in this Court's reasoning in *Chester*. Rather, in that case, the only changed circumstances mentioned by this Court were the following: the case was before a different judge, the parties had different counsel, and the scope of the issues and evidence presented may be different. In this case, relator's counsel has changed and—given relator's constitutional right to present a defense at each trial—we cannot assume that relator's new counsel will not seek to raise new motions or fail to put forth new or creative arguments to support a similar defense motion previously raised but denied.

Upon review of relator's writ application, we find that Article 857 of the Code of Criminal Procedure and the relevant jurisprudence mandate that relator be given the opportunity to raise any new motions in preparation for his defense at his new trial. We further find that the trial court may reconsider any pretrial motions or evidentiary rulings previously considered, should counsel show that good cause

21-K-164                                    6

exists which warrants reconsideration of the previously considered motions. Accordingly, for the reasons provided herein, we grant relator's writ application in part, vacate the trial court's ruling that no pretrial matters may be re-litigated in this case, and remand this matter to the trial court for further proceedings. In all other respects, this writ is denied.

**<u>WRIT GRANTED IN PART, DENIED IN PART; JUDGMENT OF TRIAL COURT VACATED; MATTER REMANDED FOR FURTHER PROCEEDINGS</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 19, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-K-164

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)          THOMAS B. HARANG, JR. (RELATOR)          GRANT L. WILLIS (RESPONDENT)

### MAILED
HONORABLE JEFFREY M. LANDRY
(RESPONDENT)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802