In re: State of La. applying for Supervisory Writs, Parish of E. Baton Rouge, 360 So.2d 853.
Granted. See Per Curiam.
SUMMERS, C. J., absent.
On Writ of Review to the 19th Judicial District Court, Parish of East Baton Rouge; Frank Foil, Judge.
PER CURIAM.
Defendant, Burlón Graham, was charged with driving while intoxicated as a second offender, La.R.S. 14:98. He was subsequently tried, convicted and sentenced to serve a period of sixty days in the parish prison and pay a fine of $350.00, in default of which he would be required to serve an additional one hundred and twenty days. Upon application by defendant, we granted writs, reversed the conviction and sentence, and remanded the case for a new trial on the grounds that the trial court erred in permitting the state to establish a presumption of defendant’s intoxication through the introduction of a chemical analysis of his blood’s alcoholic content without presenting prima facie proof of the standard quality of the test chemicals. State v. Graham, 360 So.2d 853 (La.1978).
On May 1, 1979, defendant was again brought to trial for the same offense. During the trial, the prosecuting attorney attempted to question state witness Officer Russell Robinson concerning defendant’s responses to questions outlined on an alcohol influence report form. Defense counsel interrupted this examination, objecting to the questions on the grounds that evidence as to whether an alcohol influence report form was used, and defendant’s responses to any questioning from such a form, had not been introduced at the previous trial and that the state should not be permitted to now introduce new and different evidence. After the objection was sustained by the trial court, the state assigned error. The trial was then recessed to permit the state to apply to this Court for supervisory writs.
In its application to this Court, the state correctly argues that the trial court erred in ruling that at the new trial the state was limited to evidence introduced at the previous trial. Article 857 of the Code of Criminal Procedure states that “[t]he effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried.” Official Revision Comment (a) clarifies the intent of the provision by noting that “[t]his article continues the sound rule of Art. 515 of the 1928 Code of Criminal Procedure, that the state is wiped clean when a new trial is granted.” Thus in the absence of an independent constitutional or statutory ground requiring exclusion, the state may properly introduce evidence at a new trial which was not placed into evidence at the previous trial. Cf. State v. Reed, 324 So.2d 373 (La.1975).
Accordingly, the state’s writ of review is granted and the case is remanded to the district court for further proceedings consistent with this opinion.