**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 KA 0137

STATE OF LOUISIANA

VERSUS

TABVIS LAVEL WILLIAMS

**Judgment Rendered: SEP 1 5 2023**

* * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket Number 761979
The Honorable Timothy C. Ellender, Jr, Judge Presiding

* * * * * *

<table>
<tr><td>Joseph L. Waitz, Jr.<br>District Attorney<br>Ellen Daigle Doskey<br>Assistant District Attorney<br>Houma, Louisiana</td><td>Counsel for Appellee<br>State of Louisiana</td></tr>
<tr><td>Bertha M. Hillman<br>Covington, Louisiana</td><td>Counsel for Defendant/Appellant<br>Tabvis Lavel Williams</td></tr>
</table>

* * * * * *

**BEFORE: GUIDRY, C.J., CHUTZ AND LANIER, JJ.**

**GUIDRY, C.J.**

The defendant, Tabvis Lavel Williams, was charged by bill of information[1] with armed robbery with a firearm on count one, a violation of La. R.S. 14:64 and La. R.S. 14:64.3, and with aggravated assault with a firearm on count two, a violation of La. R.S. 14:37.4, and pled not guilty. After a trial by jury, the defendant was found guilty as charged on both counts by unanimous verdicts. The State filed a habitual offender bill of information, and the defendant was later adjudicated a fourth or subsequent felony habitual offender, pursuant to La. R.S. 15:529.1.[2] On count one, the defendant was sentenced to ninety-nine years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; and to an additional five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, for the firearm enhancement of La. R.S. 14:64.3, to be served consecutively to the ninety-nine-year sentence. On count two, the defendant was sentenced to twenty years imprisonment at hard labor, to be served concurrent to count one. The defendant now appeals, assigning error to the denial of his motion to suppress identification from a six-person photographic lineup. For the following reasons, we affirm the convictions, habitual offender adjudications, and sentences.

---

[1] This case is a retrial. On count two, the defendant was originally charged with second degree murder by an amended bill of information. After the first trial, the defendant was found guilty as charged on count one and guilty of the responsive offense of aggravated assault with a firearm on count two. On March 11, 2021, after the defendant was originally adjudicated a habitual offender and sentenced, the trial court granted an amended motion for new trial filed by the defendant, and vacated the habitual offender adjudication and sentencing. On July 13, 2022, the day of the new trial, the State filed a bill of information amending the charge on count two to aggravated assault with a firearm.

[2] After the new trial, the State filed a habitual offender bill of information listing both of the instant offenses. After the adjudication, enhanced sentences were imposed on both counts. The habitual offender adjudication is based on a 1996 conviction of distribution of cocaine, 1996 and 2005 convictions of possession of cocaine, a 1996 conviction of simple burglary, and a 2012 conviction of possession of a firearm by a convicted felon.

2

## STATEMENT OF FACTS

On the night of September 13, 2017, officers of the Terrebonne Parish Sheriff's Office (TPSO) responded to the scene of an armed robbery that occurred at a convenience store, Dularge Express, between 8:30 and 9:00 p.m. Hai Trung Nguyen and Patricia Dinh, who owned, operated, and resided at the store, testified at trial. While Nguyen was in a separate room in the back of the store and Dinh was behind the register, a male wearing a mask entered the store, approached the counter with a gun, pointed the gun at Dinh, and said, "[g]ive me all your money." Despite the mask, Dinh recognized the gunman as a regular customer and thought it was a joke.

As the gunman then fired the gun to the side of Dinh, she realized he was serious and began nervously pressing buttons to open the register. Nguyen heard the noise and came back to the front of the store, at which point the individual pointed the gun at him and said, "[w]hat's up mother f*****?" Nguyen recognized the gunman's voice. The perpetrator then fired at Nguyen. Nguyen immediately grabbed their daughter, who had walked out of her bedroom to see what was happening, and took her to the back of the store. Dinh gave the gunman a stack of one dollar bills from the register, and he ran out of the store. Dinh locked the door and called the police.

The next day, on September 14, 2017, a confidential informant implicated the defendant in the robbery. Detective Jason Pellegrin then conducted a photographic lineup at the store, and Nguyen, who was present at the time, identified the defendant as the perpetrator. Nguyen and Dinh further identified the defendant as the perpetrator at trial.

## ASSIGNMENT OF ERROR

In the sole assignment of error, the defendant avers that the trial court erred in denying the motion to suppress his identification in a six-person photographic lineup. The defendant argues that the lineup was defective because Nguyen's attention was naturally drawn to the only person known to him in the lineup. The defendant argues Nguyen recognized him in the lineup as a regular customer, not as the perpetrator, whose face was covered by a mask.

## DISCUSSION

The defendant's motion to suppress the photographic lineup, the denial of which is the subject of this appeal, was filed prior to the original trial in this matter by the defendant's then trial counsel. The judge presiding over the case at the time held a hearing, denied the motion, and proceeded to the original trial. Subsequently, the defendant filed an amended motion for new trial pursuant to Ramos v. Louisiana, ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). The currently presiding judge granted the amended motion for new trial and vacated the original habitual offender adjudication and sentencing.

At the new trial, the defendant did not object to the admission of the photographic lineup or related testimony, nor did he refile or re-urge his motion to suppress. Rather, he is now seeking review of the motion filed, and ruling thereon, in the prior trial.

Louisiana Code of Criminal Procedure article 857 provides that "[t]he effect of granting a new trial is to set aside the verdict or judgment and to permit retrial of the case with as little prejudice to either party as if it had never been tried." Official Revision Comment (a) to the article clarifies that La. C.Cr.P. art. 857 "continues the sound rule of Art. 515 of the 1928 Code of Criminal Procedure, that the slate is wiped clean when a new trial is granted."

4

This concept of granting the defendant a "clean slate" at a new trial has been consistently repeated throughout Louisiana jurisprudence. See State v. Graham, 375 So. 2d 374 (La. 1979) (per curiam); State v. Lee, 346 So. 2d 682, 684 (La. 1977). In accordance with the concept that a new trial provides a defendant with a clean slate, when a new trial is granted, both the State and the defendant may seek to introduce new evidence not previously introduced at the defendant's first trial. See Graham, 375 So. 2d at 374; State v. Acevedo, 21-164 (La. App. 5th Cir. 5/19/21), 325 So. 3d 1117, 1120.

As either party may seek to introduce new evidence in a second trial, it follows that certain pretrial evidentiary motions and rulings may be necessary. Further, a court is not bound by a prior pretrial ruling or judgment rendered in connection with a previous trial when a new trial is granted. Thus, the instant trial was a new and separate trial, not a later stage of the prior trial. Therefore, the "law of the case" doctrine does not apply. See Acevedo at 1120-21, supra (granting, in part, a writ of review, in holding that relator therein may relitigate pretrial matters after his original conviction and sentence were vacated pursuant to Ramos; but, declining to hold all pretrial proceedings or rulings void as a matter of law).

In accordance with the above, when a new trial is granted, a party may seek to limit in a new trial evidence previously admitted in the prior trial by refiling or re-urging a motion to suppress filed and denied in a prior case. State v. Alridge, 22-0245 (La. App. 4th Cir. 5/18/22), 340 So. 3d 1188, writ denied, 22-00964 (La. 9/7/22), 345 So. 3d 427 (wherein the defendant, on remand after being granted a new trial pursuant to Ramos, properly preserved the issue by filing a motion to reopen the suppression of his identification, the trial court granted the motion, the State filed a writ of review, and the appellate court reversed, finding the lineup was not unduly suggestive); State v. Langley, 10-969 (La. App. 3d Cir. 4/6/11), 61 So. 3d 747, 769-79, writ denied, 11-1226 (La. 1/20/12), 78 So. 3d 139, cert. denied,

568 U.S. 841, 133 S.Ct. 148, 184 L.Ed.2d 73 (2012) (wherein the defendant, at the third trial for the same murder, after two previous convictions were vacated, properly preserved the issue by filing a renewed motion to suppress statements and evidence seized upon his arrest, the trial court denied the motion after a hearing thereon, and the appellate court reviewed and upheld the trial court's ruling).

Herein, the defendant failed to refile or re-urge his motion to suppress after he was granted a new trial and further failed to object to the admission of the evidence during the instant trial. Accordingly, this argument has not been preserved for appeal and is not properly before this court. La. C.Cr.P. arts. 703 & 841; State v. Moody, 00-0886 (La. App. 1st Cir. 12/22/00), 779 So. 2d 4, 7-8, writ denied, 01-0213 (La. 12/7/01), 803 So. 2d 40 (a defendant who fails to file a motion to suppress identification, and who fails to object at trial to the admission of the identification testimony, waives the right to assert the issue on appeal); Langley, 61 So. 3d at 780 (finding the issue not properly preserved wherein the defendant, at the third trial, failed to re-urge a motion to suppress his videotaped statement filed and denied in his second trial). The defendant has waived his right to assert this assignment of error and, accordingly, the assignment of error is without merit.

**CONVICTIONS, HABITUAL OFFENDER ADJUDICATIONS, AND SENTENCES AFFIRMED.**